The city was founded in the 1st century BC by the Latvians, the nomads of Piaxea    When you're ready, Mr. Barney May it please the court, James Barney on behalf of the appellate, Mr. Claiborne In Verity Principi, this court established that mental illness can justify a claim for equitable tolling in certain cases The court established generalized guidelines that a veteran must follow in order to show entitlement to equitable tolling on that ground The issue in this case is whether the CABC erred by failing to follow its own rule of law as set forth in Colvin v. Derwinski in dismissing Mr. Claiborne's equitable tolling claim That's why you would say there's jurisdiction for this court, because the issue is the interpretation of a rule of law Not statutory or regulatory rule of law, but a rule of law as set forth in a veterans court case Yes, your honor. This court's jurisdictional statute, section 7292A, sets forth that a rule of law or an interpretation or application of a rule of law does give this court jurisdiction And that is in fact what we're basing our argument upon Now I'm going to address the central question in this case, which is whether the Colvin rule of law applies to the CABC in this situation But I'd like to briefly address the burden of proof issue that the secretary raised in his brief The secretary focuses primarily on Mr. Claiborne's burden of proof And it is true that Mr. Claiborne, like all appellants, bears the burden of demonstrating that the court of appeals has jurisdiction over his appeal The secretary focuses, or excuse me, characterizes what the CABC did in this case as simply weighing facts Weighing the evidence that Mr. Claiborne submitted and concluding that he failed to satisfy his burden of proof under Barrett I want to make clear that we are not challenging the manner in which the CABC weighed the facts or the evidence in this case Nor can we under this court's jurisdiction Instead, we are challenging the procedure that the CABC used to obtain that evidence Specifically, Colvin sets forth a procedure under which if a court wishes to rebut the opinion of a qualified medical expert It has to obtain independent medical evidence to support that conclusion Where is that requirement that the court of veterans affairs is going to have to somehow hire medical experts? Is that what you're saying? Well, we submit that Colvin does have a requirement that the court obtain independent medical evidence Where is that? Can you give me some read to me from Colvin where we impose that requirement on an appellate court? Well, your honor, Colvin is a CABC decision And so, of course, what we're arguing here is that the CABC failed to follow its own rule of law It's not a federal circuit requirement It is a rule of law created by the CABC and up until now fairly routinely imposed upon the board of veterans appeals So are you suggesting under Barrett, we're under Barrett now Barrett quite clearly sets forth what I think are pretty stringent requirements on the veteran in order to establish equitable tolling Would you agree with that? Yes, your honor So what you're saying is that at what juncture does the burden shift? Because you're suggesting the burden shifts to the government or the Veterans Administration or someone at some point You concede your client had to put on some evidence Yes, your honor, we do concede that he bears a burden And he bears the ultimate burden as well as a burden of production, which is what you're referring to In this case, we would submit he did make a prima facie showing that would satisfy the Barrett test Which is to show that his mental illness was the direct cause of his failure to timely file a notice of appeal But again, we're not challenging the manner in which the CABC weighed that evidence I don't think that's something this court could consider Where again is the requirement come from for someone to hire a competing medical expert? I will answer that question Do you assume that you're going to have that done by the board or who's going to do this? We would submit, well first let me answer your question directly Colvin, and this is a CABC decision, states that the BVA in finding that new evidence did not provide a new factual basis Was in effect refuting the expert medical conclusion in the record with its own unsubstantiated medical conclusions And the CABC went on to say that that's improper And that the court, the BVA in this case, is always free to supplement the record by seeking an advisory opinion Ordering a medical examination or citing to recognize treatises or decisions Colvin isn't very analogous to this case, is it? No one here is stating an alternative diagnosis But without medical substantiation We would submit that the CABC That's what happened in Colvin, isn't it? It is what happened in Colvin and I believe it's what also happened in this case In this case, we had three medical doctors who all stated that Mr. Claiborne suffers from dementia And that two of those physicians stated that he had suffered from dementia during the critical period During the period during which his notice of appeal was due Nobody's questioning that, right? Nobody's questioning that The question is whether or not that was sufficient to impair his ability to make a timely filing Yes, Your Honor But two of those doctors also stated that his failure to finally file the documents during that time period Was the direct result of his dementia And that's what the CABC found to be conclusory Those were its words It found that conclusion that because he has dementia And because he had it during the period in time in question That his failure to timely file documents was the result of that dementia The Court of Appeals found that conclusory and therefore rejected it Is your point, Mr. Barney, that you're saying the situation here is the doctors came in And said his failure to file was the result of dementia Yes, sir That's their opinion, it's on the record You're saying that in the face of that opinion The Veterans Court had to look to another opinion to refute that Yes, Your Honor But assume for the moment that the doctors had just come in But hadn't said anything about his dementia causing him to fail Causing him to not timely file You would say that in that case The Veterans Court didn't have to add anything to the record Because there, on its own, the petitioner's case didn't make out what it had to make out Precisely  That is precisely the difference In this case you had the medical opinion of two qualified physicians Stating that they examined the veteran, he has dementia And that because of his dementia His failure to file documents was the direct result of that dementia You're saying, what you're really saying is, I guess Unless it's on its face totally incomprehensible Or unless the credibility of the doctor is completely impeached In a board proceeding You're saying that unless that happens The court just can't refuse to accept the opinion That's correct, Your Honor What about the language in Barrett Where it says a medical diagnosis alone or vague assertions of mental problems Will not suffice We agree with that language Isn't the Veterans Court here just saying that's what happened here? No, Your Honor A vague assertion of the medical problem and it wasn't enough No, Your Honor Because there was more than just a vague assertion of a medical problem The three doctors all said he had dementia Well, that's fact finding again We're not finding the fact Well, I'm trying to answer The question is that the court has said that's what happened We can't tinker with those facts, can we? I disagree that that's what the CABC said in this case What the CABC said was, it didn't dispute that he had dementia It disputed the finding of the two physicians who said That dementia was the direct cause of the failure to file the documents on time And I would just like to do It was a vague assertion It was a conclusory assertion It may well be, it may well appear conclusory But under the standard of Colvin, that's not enough to get away from the requirement The Veterans Court is saying his experts gave vague assertions Therefore, Barrett controls Your Honor, those weren't vague assertions of the Well, that's asking us to find facts that they know they weren't vague And we're not into that business You've made that very clear to us We can't decide what's vague or not That's their job Your Honor So where's the error of law? Why have they made an error in deciding these were vague assertions? Your Honor, the Court of Veterans The CABC did identify the conclusion that the dementia is the direct cause of the Failure to timely file documents as conclusory That is correct That's what the CAB said I would submit to you that in doing that The CABC was substituting a medical understanding Its own medical understanding of dementia for that of the physicians And I would like to just illustrate that very quickly with an analogy If the physicians in this case had concluded that Mr. Claiborne was in a vegetative state And he had been in a vegetative state since July of 2002 And concluded therefrom that his failure to timely file the documents Was a direct result of his vegetative state I don't think any of us would question that And if you don't think that there has to be some support provided I mean, somebody A doctor writes one sentence, checks the boxes I guess the physicians did in this case Yes, vegetative state And that's the end of it And you're asking us to assume that in that case We would agree with you? What Colvin states is that if the court wants to rebut an opinion No matter how conclusory it may seem If the court wants to rebut that It can't simply rely on its own medical understanding Its own lay understanding of the medical condition It has to obtain some sort of independent medical evidence We would suggest, incidentally That the proper mechanism would be a limited remand To the Board of Veterans' Appeals Because the Board of Veterans' Appeals does have the power To order a VA examination of the veteran And in fact, we would point to the language in this court's decision in Barrett Where the court stated that the Department of Veterans Affairs And albeit dicta, but the court did point out That the Department of Veterans Affairs Which employs a host of medical professionals Is uniquely qualified to facilitate the diagnosis of troubled claimants Should such allegations arise We would submit that if this court is not going to apply The rule of Colvin to the CAVC Requiring it to remand down to the Board To get that VA evidence into the record Then this statement is illusory Because if Colvin doesn't apply The Department of Veterans Affairs Is never going to be involved in these determinations When equitable tolling arises It's always going to be decided in the first instance by the CAVC And it never will get reviewed by this court Because findings of fact by the CAVC Aren't going to be reviewable So at least if Colvin applies The decisions would go down to the BVA And at least the participation of the Department of Veterans Affairs In its unique... Someone would still have to make a determination Of whether the statements were vague assertions Or substantial medical opinions And if they're vague assertions, they wouldn't count If they're substantial medical opinions, they would We agree That's the judge's job, right? That's fact-finding, which we don't review here But they do down there on the Veterans Court Right Colvin sets forth a procedure by which you can do that The Veterans Court specifically noted That the appellant's diligence Was not addressed in any of those opinions, right? Yes, Your Honor, it did So they didn't show that his dementia was so severe He couldn't file on time Again, those are the facts of the case And we're not challenging that We're challenging the procedure that the court used Maybe we should preserve the rest of your rebuttal time Thank you, Your Honor Mr. McElmayle Thank you, Your Honor Good morning, may it please the Court The only thing that happened in this case Was that the CAVC weighed the evidence Against the Barrett Standard And found that that evidence did not meet the Barrett Standard Which is something that this Court does not possess jurisdiction to review And that is the big difference Between what the CAVC was dealing with in Colvin And what this Court is dealing with in this case The CAVC said in Colvin That the Board could not rely upon Its own unsubstantiated medical conclusions And it cited to two authorities for that reason One was what was then 38 U.S.C. 4009 It's now 7109 Which says that the Board can go out and get An independent medical opinion There's no such comparable statute That applies to the Court To the CAVC But how would it work under Barrett In the government's view? I mean let's assume an appellant Not this case, hypothetically Comes in and has detailed medical opinions That conclude exactly what is necessary For it to conclude under Barrett And has the documentation to it Let's assume that And is there some obligation then That the Veterans Court is going to reject that For it to do something independently To rebut that? No there isn't So it's never a circumstance It's not a matter of how much evidence The appellant puts on in the first place? No It's never that case Barrett made clear that it was the It was the appellant's responsibility To bring the evidence to the Barrett Court But in order for the Court of Veterans Claims To evaluate whether or not An appellant has made a sufficient case Under Barrett At some point in time Doesn't that include a medical analysis Of the documentation he's provided? Yes it does And it The only way that this could come up Is in this case And that's another aspect of this case This case does not present The issue that the CABC addressed in Colvin Because the CABC did not rely upon Its own unsubstantiated medical conclusion It weighed the evidence Presented by the appellant Against the Barrett standard It did not say Right, that's what I'm trying to see If your view is that Colvin might apply Under some circumstances We don't necessarily have to reach that In this case But in this case it doesn't even come into play Because of the level of Promised case made by the appellant No, it still could not apply And these are the reasons One is that there is no comparable statute As I mentioned That allows the CABC to go out and get By itself Not remanding to the board Not asking the VA to do it Its own medical conclusion And the other reason And this is why the CABC The other reason the CABC imposed Colvin On the BVA Is because the CABC reviews The findings of fact of the BVA This court does not review The findings of fact of the CABC And that would get into This court reviewing findings of fact  This court would have to ask itself Is there enough evidence in the record To support the CABC's conclusion And that is precisely what 7292 does not permit this court to do To pick up on the hypothetical That Judge Prost gave you Where a case comes before the Presumably a case comes before The Veterans Court Where the veteran is lost before the BVA And the veteran has Medical opinions fully backed up In other words, the medical opinions Speak to everything that has to be Spoken to, number one And number two, they're fully backed up By records and so forth And yet the veteran lost before the BVA Presumably in that kind of a case The Veterans Court would reverse Because it would find that The decision of the board was not supported Yes, that's right But that same process wouldn't happen Before this court Because this court would have to Ask, review, whether The CABC's finding, its medical finding Was supported by the record And that's what Colvin says In one place, Colvin says The BVA did not cite to Evidence in the record, medical evidence In the record And it is not the case, for example That the board said Mr. Claiborne, the court, pardon me Said that Mr. Claiborne does not have dementia It did not say that In fact, it reviewed those medical opinions Pages 29 and 30 Found that they were conclusory And even those medical opinions Indicate on their face That Mr. Claiborne did not meet the Barrett standard They say that his dementia Severely impaired his ability To do the things that Barrett talks about While severe impairment Only severe impairment of an ability Implies that there is still ability To engage in rational thought Deliberate decision making Function in society And handle one's own affairs So on their face Those medical opinions Indicate that Mr. Claiborne Does not meet the Barrett standard Mr. Mr. McClellan, I know you say it's not this case But can you envision Can you give me a situation Where you would agree With what Mr. Barney is arguing That the Veterans court should Send it back to the BVA To get another opinion No, and there are You say that never would arrive No, and it could not Your Honor Because the BVA only has jurisdiction To entertain claims that came up From the secretary And if that claim has nothing to do with The claim supporting The equitable tolling argument As in this case The claim before the secretary was a left eye claim And the claim The equitable tolling claim is based upon Not the left eye claim But a claim of mental incapacity The BVA has no jurisdiction To entertain To gather facts and find facts On a claim like that Because it never came up from the secretary That's why this case is much different Than the cases cited in the reply brief In which a reviewing court Is remanding to a lower court That had that claim in the first instance The BVA never had The mental incapacity In the first instance That's why those cases cited in the reply brief Are not analogous to this The The language Regarding facilitation is not before this court Mr. Claiborne never asked For any help from the BVA To establish his mental incapacity claim And on mental incapacity That is what the standard is It's a general standard of mental incapacity It doesn't say that It's enough to show that a mental condition Impaired you to do A particular thing such as Holding yourself to times and dates This court relied heavily on Smith-Amy which is the D.C. Circuit case Which talked about mental incapacity In a very general sense In terms of being a judge Mentally incompetent, having somebody assigned To handle one's own affairs None of that is indicated in anything In the record before the court And For all those reasons we ask that the court Affirm the decision of the CABC Thank you Mr. McElmayo Mr. Barney you have Over two minutes remaining Just a couple points Very quickly to address the issue that The government has pointed out that Mr. Claiborne never asked for Assistance in developing his equitable Tolling claim, I'll point out that Last October A case came before this court In which the veteran did ask for assistance To develop his equitable Tolling claim and the government opposed that Saying that there was no grounds for The government that needed To provide assistance to Veterans in those situations Regarding the point that The government makes that the BVA Excuse me, that the CABC Doesn't have the authority And there's no statute that Allows it to obtain This type of evidence, independent medical Evidence, again we point out that The Mechanism of limited remand Is well recognized We cited several cases in other circuits that Recognize the mechanism of Limited remand to allow A lower court to gather evidence On a particular issue, so the fact that there's not A statute that specifically authorizes the CABC To do this Is really not the point There is a mechanism that would allow the CABC To gather this evidence And finally I will Just point out In terms of The Role of the BVA Versus the CABC, they do play different roles In the system, but this is a very Very unique case, a very Unique situation that doesn't Typically arise, but here you have the CABC Has not accepted jurisdiction Over the appeal yet, it has to Answer a factual question first There's a factual question that must be answered By the CABC before it can accept Jurisdiction over the appeal The appeal at this point sits between the BVA and the CABC, it's right in between Those two tribunals And that's why in this very Very unique situation we would Suggest and we would ask that the rule of Colvin be applied so that There is a procedural safeguard in place That at least the medical Decisions that are going to affect the veteran Are based on a full, complete, and competent Medical record Thank you Mr. Farney Our last case this morning is